[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to 440 P.B., the defendants, Robert L. Gonsor and Kit Hartford, have filed exceptions to the report issued by an attorney trial referee, who has filed a report recommending the entry of judgment in favor of the plaintiff, Brody Printing Company, Inc.
The defendants take exception, to, inter alia, the failure of the attorney trial referee to correct his report by making factual findings as required in their timely motion to correct.
The trial referee failed to make factual findings as required by 434 P.B. but issued a ruling filed February 8, 1990 stating only that "it appears that the preponderance of the evidence established the plaintiff's claim that the defendants were liable to the plaintiffs as partners."
The Connecticut Supreme Court has ruled in Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496, 502-3 (1986) that the rules of practice applicable to court-appointed committees apply to attorney trial referees. Section 434 P.B. requires that the report of a committee shall state "the facts found and the conclusions drawn therefrom." Because the referee's report includes only a conclusion and not the facts from which the conclusion was drawn, the court is without findings to assess in determining whether the report should be accepted pursuant to 440 P.B. CT Page 4332
Accordingly, pursuant to 443 P.B., it is hereby ordered that the report be and hereby is rejected and the case is referred back to the referee for issuance of a correction of his report setting forth the facts relied upon by the referee in reaching his conclusion that the defendants are liable as partners and that the debt at issue was not that of a corporation. The file, including the transcript of the hearing, shall be made available to the referee.
BEVERLY J. HODGSON, JUDGE